UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUSTIN HATTEN, | : | Case No. 3:11-cv-324 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| WARDEN, Chillicothe Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE (Doc. 12); (2) OVERRULING PETITIONER'S OBJECTIONS (Doc. 16); (3) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 2) WITH PREJUDICE; (4) DENYING ANY REQUESTED CERTIFICATE OF APPEALABILITY; (5) CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVE FRIVOLOUS; AND (6) TERMINATING THIS CASE**

This case is before the Court on the Report and Recommendations of the United States Magistrate Judge Sharon L. Ovington. (Doc. 12). The Magistrate Judge recommends that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed, that Petitioner's requests for discovery and evidentiary hearing be denied, that Petitioner be denied a certificate of appealability, and that Petitioner be denied leave to appeal *in forma pauperis*. Petitioner filed Objections to the Report and Recommendations (Doc. 16). Respondent did not file a response to Petitioner's Objections and the time for doing so has expired. This case is now ripe for decision.

**I. FACTS**

This case arises from conduct occurring on July 3, 2008 and July 4, 2008. On the evening of July 3, 2008, the victim, A.R., and her roommate drank "two shots of tequila and one beer before going to a local bar[.]" *State v. Hatten*, 186 Ohio App.3d 286, 927 N.E.2d 632 (Ohio App. 2010). The roommates drank an additional "pitcher of beer and four more shots of alcohol"

while at the local bar. *Id*. Upon returning home in the early morning hours of July 4, 2008, Petitioner invited A.R. and her roommate to his home. The roommates accepted Petitioner's invitation and took a case of beer with them to Petitioner's home. *Id*. Later, "[t]he women . . . returned to their home for tequila, vodka, and lemons, which they brought back to [Petitioner's] home." *Id*. After drinking "a shot of alcohol" and another beer, A.R. and her roommate left and returned to their home. *Id*.

Later, "[a]t about 4:00 a.m., [Petitioner] knocked on the door and asked A.R. whether she would like to come back to his home to watch a movie." *Id*. A.R. accepted the invitation. *Id*. Upon returning to Petitioner's home A.R. "drank another beer" and "[a]t some point . . . decided to leave[.]" *Id*. Petitioner followed A.R. to the door and "blocked the door with his arm." *Id*. Petitioner "told A.R. that he was lonely and just wanted her to stay and 'cuddle' with him." *Id*. A.R. "reluctantly agreed[,]" and after watching more of the movie, Petitioner "suddenly stood up, grabbed [A.R.'s] arm, and pulled her down the hall to his bedroom." *Id*. at 291-92. According to A.R., while in the bedroom, Petitioner had "sexual intercourse with [A.R.] without her consent." *Id*. at 292.

The state indicted Petitioner on five counts, (1) rape of a substantially impaired individual in violation of Ohio Rev. Code § 2907.02(A)(1)(c); (2) forcible rape in violation of Ohio Rev. Code § 2907.02(A)(2)(B); (3) sexual battery in violation of Ohio Rev. Code § 2907.03(A)(2)(B); (4) kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4)(C); and (5) abduction in violation of Ohio Rev. Code § 2905.02(A)(2)(B). (Doc. 7-1). Following trial, a jury found Petitioner guilty of kidnapping and rape of a substantially impaired person. The jury acquitted Petitioner of the remaining three counts.

On appeal, the Ohio Second District Court of Appeals overturned Petitioner's rape conviction because there was "insufficient evidence that [Hatten] knew, or had reasonable cause to believe, that A.R. was substantially impaired, in order to warrant submitting the rape charge to the jury." *Hatten*, 186 Ohio App.3d at 298. The court of appeals, however, affirmed Petitioner's kidnapping conviction *Id*. at 300. On June 23, 2010, the Supreme Court of Ohio declined to accept review of his direct appeal. *State v. Hatten*, 125 Ohio St.3d 1462, 928 N.E.2d 738 (Ohio 2010). On September 6, 2011, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. 2).

## II. STANDARD OF REVIEW

Pursuant to 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court reviews the comprehensive findings of the Magistrate Judge and considers the record de novo. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that district courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application challenging claims "adjudicated on the merits in State court" will not be granted unless the State court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

Accordingly, when a habeas petitioner challenges a state court's "determination that the evidence was sufficient to support [a] conviction[,]" the state court's determination "must be upheld unless it is contrary to, or an unreasonable application of, clearly established federal law." *Hartman v. Bagley*, 492 F.3d 347, 369 (6th Cir. 2007). A legal principle is "clearly established" for purposes of habeas corpus review "only when it is embodied in a holding of [the Supreme]

Court." *Thaler v. Haynes*, 559 U.S. 43 (2010) (citations omitted). "[T]he relevant decision for purposes of determining 'clearly established Federal law' is the last state court decision that adjudicated the claim on the merits." *Miller v. Colson*, 694 F.3d 691, 696 (6th Cir. 2012) (citing *Greene v. Fisher*, --- U.S. ---, 132 S.Ct. 38, 44–45, 181 L.Ed.2d 336 (2011)).

Also, the "contrary to" and "unreasonable application" clauses set forth in 28 U.S.C. § 2254(d)(1) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The "contrary to clause" applies when a "state court applies a rule different from the governing law set forth" by the Supreme Court of the United States or if the state court "decides a case differently . . . on a set of materially indistinguishable facts" as those presented to the Supreme Court. *Id*. (citation omitted). The "unreasonable application" clause applies where "the state court correctly identifies the governing legal principle" set forth by the Supreme Court, "but unreasonably applies it to the facts of the particular case." *Id*. (citation omitted). In determining whether a state court unreasonably applied clearly established law, federal courts must focus "on whether the state court's application of clearly established federal law is objectively unreasonable[.]" *Id*. "[A]n unreasonable application is different from an incorrect one." *Id*. at 694 (citation omitted).

Where a petitioner "challenges the constitutional sufficiency of the evidence used to convict him," this Court is "bound by two layers of deference to groups who might view facts differently" than the Court. *Brown v. Konteh*, 567 F.3d 191, 204-205 (6th Cir. 2009). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 205 (citing *Jackson*, 443 U.S. at 319). In doing so, the Court cannot "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our

judgment for that of the jury." *Id*. (citation omitted). Instead, the verdict must be upheld "if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution." *Id*. Second, the Court "must defer to the state appellate court's sufficiency determination as long as it is not unreasonable[,]" even if this Court concludes "that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt[.]" *Id*. (citing 28 U.S.C. § 2254(d)(2)).

### III. ANALYSIS

In his Petition, Petitioner asserts that he was denied due process in violation of the Fifth Amendment because his kidnapping conviction under Ohio Rev. Code § 2905.01(A)(4) is not supported by sufficient evidence. (Doc. 2). Under Ohio Rev. Code § 2905.01(A)(4), "[n]o person, by force, threat, or deception . . . shall remove another from the place where the other person is found or restrain the liberty of the other person," for the purpose of engaging "in sexual activity . . . with the victim against the victim's will[.]"

To prevail on a kidnapping charge under Ohio Rev. Code § 2905.01(A)(4), the state was required to prove "the following elements: (1) the use of force, threat, or deception; (2) either (a) removal of the victim from the place where he is found or (b) restraint of the victim's liberty; and (3) that the first two elements are committed for the purpose of engaging in sexual activity with the victim against his will." *State v. Donald*, 57 Ohio St.2d 73, 74, 386 N.E.2d 1341 (Ohio 1979). "R.C. 2905.01(A)(4) requires only that the restraint or removal occur for the purpose of non-consensual sexual activity— not that sexual activity actually take place." *State v. Davis*, 116 Ohio St.3d 404, 432, 880 N.E.2d 31 (Ohio 2008) (citing *State v. Powell*, 49 Ohio St.3d 255, 262, 552 N.E.2d 191 (Ohio 1990)).

In his first Objection, Petitioner argues that the Magistrate Judge erred in suggesting Petitioner used forced to compel the victim to stay at Petitioner's home at the time Petitioner confronted the victim at the door and asked her to stay and cuddle. Petitioner argues that "[t]here was no threat, force or deception involved in this matter[,]" and objects "to the finding that this alleged victim did not consent to stay in this room initially because the state court has found that she did." (Doc. 16, PAGEID 1703).

To support this argument, Petitioner offers no specific citation to the state court's opinion. This Court's review finds the following discussion by the state court of appeals:

> The state first argues that Hatten used both force and deception when he blocked the door and coerced A.R. to stay and "cuddle." A.R. testified that when she walked to the door to leave Hatten's home, he "followed me to the door and when I got to the door he put his arm across the doorway so I could not get out and told me just to stay and we would cuddle. That's all he wanted to do was cuddle." Hatten admitted to the police that this is "more or less" what happened.
>
> A.R. claimed that she did not persist in trying to leave because Hatten is significantly larger than she, and she believed that he would continue to block the door and refuse to let her leave. She then explained that she decided to stay because "I thought if he had been drinking that he would be ready to pass out soon and if I just laid with him for a little while he would eventually pass out and I would be able to leave." Particularly in light of A.R.'s explanation, we conclude that this is insufficient evidence of deception on the part of Hatten. ***However, this evidence is sufficient to prove that Hatten restrained A.R.'s liberty by force***. See, e.g., *State v. Wade*, Franklin App. No. 06AP–644, 2008-Ohio-1797, 2008 WL 1723671 (defendant blocked doorway, refusing to let his much smaller victim leave).

*Hatten*, 186 Ohio App.3d at 641-42 (emphasis added). Thus, contrary to Petitioner's argument, the state court of appeals specifically found the evidence "sufficient to prove that Hatten restrained A.R.'s liberty by force. *Id*. Accordingly, based upon the foregoing, the Court overrules Petitioner's Objection in this regard.

Petitioner also contends that there is no evidence to conclude that he used force or restrained the victim for the purpose of engaging in non-consensual sexual activity. Petitioner points to the fact that he has been acquitted of all rape charges and argues that these counts cannot now form the basis of a kidnapping charge. However, Ohio courts conclude that "[a] conviction of kidnapping under R.C. 2905.01(A)(4) can stand alone without a conviction on the underlying rape charge." *State v. Cook*, No. 11-225, 1987 WL 15446, *2 (Ohio App. Aug. 7, 1987) (citing *State v. Logan*, 60 Ohio St. 2d 126 (Ohio 1979); *State v. Moore*, 13 Ohio App. 3d 226 (Ohio App. 1983)); *see also State v. Stefanski*, No. 9-99-63, 1999 WL 253151, *3 (Ohio App. Mar. 29, 1999) (finding it "reasonable that the jury could have found that Appellant restrained [the victim's] liberty with the intent to have sexual intercourse with her against her will" while also finding that "the actual sexual conduct was not the product of force, threat or coercion due to the" surrounding circumstances). The *Cook* court rejected the notation that a "not guilty verdict by the jury and [an] acquittal by the judge on counts of rape mean that the triers of fact rejected the [victim's] testimony of nonconsensual sexual activity." *Id*. at *2.

Here, the state court of appeals, in addressing Petitioner's argument in this regard on reconsideration, stated:

> Consent is not an element of rape of a substantially impaired person, the charge of which Hatten was convicted. The jury's finding of guilty on the charge of rape of a substantially impaired victim indicates a finding that the victim was incapable of consenting, not that she did consent. Similarly, our reversal of Hatten's conviction for rape of a substantially impaired person does not mean that the sexual conduct was consensual. Our reversal was based upon our conclusion that the conviction was not supported by sufficient evidence that Hatten knew or should have known that the victim was substantially impaired. [Citation omitted].
>
> Furthermore, the kidnapping conviction is not inconsistent either with the jury's not guilty verdict on the charge of forcible rape or our decision to reverse Hatten's conviction for rape of a substantially impaired person. Even if the sexual conduct had been consensual, the kidnapping was

7

> independent of, and occurred prior to, the rape charges. As we noted in our opinion, the jury's finding of the use of force necessary to prove the kidnapping charge may have been based either upon the victim's testimony that Hatten blocked the door, refusing to let her leave his home, or upon her testimony that he pulled her down the hallway to his bedroom by her ar. [Citation omitted].

(Doc. 7-15, PAGEID 259). The Court finds that rational triers of fact could find all essential elements of the crime of kidnapping beyond a reasonable doubt, even in light of the fact that Petitioner has been acquitted of the underlying rape counts. The Court also finds that the state appellate court's conclusion in this regard was not unreasonable. Accordingly, the Court overrules Petitioner's objection in this regard.

Finally, Petitioner argues that insufficient evidence supports the conclusion that he dragged A.R. down a hallway to his bedroom or that he held A.R. down in the bedroom. The Court also overrules Petitioner's objections in this regard. Accordingly, as required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the findings of the Magistrate Judge and considered the issues presented de novo. Based upon the reasoning and citations of authority set forth by the Magistrate Judge, the Court: (1) **ADOPTS** the Report and Recommendations (Doc. 12) in its entirety; (2) **OVERRULES** Petitioner's Objections (Doc. 16); (3) **DENIES** and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (Doc. 2) with prejudice; (4) **DENIES** any request for a certificate of appealability under 28 U.S.C. § 2253(c); (5) **CERTIFIES** that any appeal would be objectively frivolous and **DENIES** any request for leave to appeal *in forma pauperis*; and (6) **TERMINATES** this case.

**IT IS SO ORDERED.**

Date:  4/2/13                             */s/ Timothy S. Black*
                                          Timothy S. Black
                                          United States District Judge