# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JUSTIN HATTEN, | : | |
| Petitioner, | : | Case No. 3:11cv00324 |
| vs. | : | District Judge Timothy S. Black |
| | | Chief Magistrate Judge Sharon L. Ovington |
| WARDEN, Chillicothe Correctional Institution, | : | |
| | : | |
| Respondent. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

This Court previously denied Justin Hatten's Petition for Writ of Habeas Corpus, declined to issue him a Certificate of Appealability, and denied him leave to proceed *in forma pauperis* on appeal. (Doc. #20, PageID at 1724). Hatten has filed a Notice of Appeal. (Doc. #27).

The case is presently before the Court upon Hatten's *pro se* Motion For Pauperis (Doc. #26), and the record as a whole. Hatten "move[s] to waive the payment of the appellate filing fee under Fed. R. App. [P.] 24 because [he] is a pauper." (Doc. #26). He swears under the penalty of perjury that he cannot afford to pay the required appellate docket fees or "post a bond for them." *Id*. And he has attached his financial affidavit to his Motion.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Hatten may not proceed *in forma pauperis* on appeal "if the trial court certifies in writing that [his appeal] is not taken in good faith." 28 U.S.C. §1915(a)(3). The test under 28 U.S.C. §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917 (1962). An appellant's good-faith subjective motivation for appealing is not relevant. The issue instead is whether, viewed objectively, there is any non-frivolous issue to be litigated on appeal. *Id*., 369 U.S. at 445, 82 S.Ct. at 921.

Hatten's Motion For Pauper Status and attached financial affidavit establish that he is unable to pay the $450.00 docketing fee required to pursue an appeal. He is therefore financially eligible for *in forma pauperis* status. However, his Motion presents no new contentions that indicate why his appeal is taken in good faith. As a result, and for the reasons set forth in the prior Report and Recommendations as well as the Decision and Entry adopting it (Doc. #s 12, 20), objectively viewed, there are no non-frivolous issues to be litigated on appeal.

Accordingly, Hatten's appeal is not taken in good faith.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Hatten's Motion For Pauper Status (Doc. #26) be DENIED; and

2. The case remain terminated on the docket of this Court.


August 2, 2013                                         s/Sharon L. Ovington
                                                       Sharon L. Ovington
                                            Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).